UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Kevin Hokenstrom</u>,
    Plaintiff

    v.                                                Civil No. 04-cv-78-SM

<u>Warden, NH State Prison</u>,
    Defendant

**<u>O R D E R</u>**

Petitioner seeks reconsideration of the denial of his "motion to recall judgment" (document no. 35), arguing, with some merit, that the margin order denial does not adequately inform him of the bases for the ruling. As petitioner is acting <u>pro se</u>, and is not legally trained, the motion is granted to the extent that the court will provide the following explanation for its prior ruling.

The petitioner's motion, ostensibly filed under Fed. R. Civ. P. 60(b)(6)and (d), by its terms seeks to have this court's original judgment denying habeas relief (on September 29, 2005) vacated. Following dismissal of his habeas petition, petitioner sought a certificate of appealability, a necessary prerequisite to his filing an appeal in the United States Court of Appeals for the First Circuit. That motion was denied on February 22, 2006, on grounds that the petitioner failed to make a substantial showing of the denial of a constitutional right. Petitioner then

sought the necessary certificate from the Court of Appeals, which request was also denied, on March 26, 2007.

Petitioner's motion to recall the judgment, filed under the provisions of Rule 60(b)(6)and (d) is, in substance, another effort to obtain federal habeas relief in the nature of a ruling that his state conviction and sentence are unconstitutional.  As the Court of Appeals for the First Circuit has made clear, a Rule 60(b) motion that principally challenges the constitutionality of a habeas petitioner's underlying conviction should be treated as a second or successive habeas petition under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  See Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003) ("When the motion's factual predicate deals primarily with the constitutionality of the underlying . . . conviction or sentence, then the [Rule 60 (b)] motion should be treated as a second or successive habeas petition.")  Here, the factual predicate urged by petitioner as grounds for vacating this court's habeas judgment is that this court misunderstood, or misconstrued, his original arguments, or erred in applying the law to the facts of his case, and that a correct legal assessment would result in federal relief vacating his state conviction. The motion, then, principally challenges the legality or constitutionality of his underlying state conviction.

As the Rule 60(b) motion is properly treated as a second or successive habeas petition, this court is without jurisdiction to consider it, absent prior authorization by the United States Court of Appeals for the First Circuit, which authorization has not been granted, and which petitioner has apparently not sought. See 28 U.S.C. § 2244(b)(3)(A); United States v. Barrett, 178 F.3d 34 (1st Cir. 1999).

Although the motion could be transferred to the United States Court of Appeals for the First Circuit for consideration as an application for leave to file a successive petition, see 28 U.S.C. § 1631, transfer is not mandated.  Because petitioner has raised the same issues, in substance, previously, and the Court of Appeals has resolved them, or has declined to issue a certificate of appealability after considering the merits of the issues that were sought to be raised, this second petition should be denied without transfer.

In addition, the petitioner's blanket motion to recuse the undersigned and Magistrate Judge Muirhead was summarily denied because it is facially without merit.  The motion, in substance, seeks recusal based on prior judicial rulings and analyses related to disposition of this case, and otherwise rests on fanciful and unsupported perceptions of conspiracies or collusions, none of which properly supports a motion for recusal.

**Conclusion**

The motion for reconsideration is granted to the extent the court has provided its reasons for the prior summary denial. The motion, ostensibly filed under the provisions of Fed. R. Civ. P. 60(b), is properly treated as a successive petition for federal habeas relief relative to petitioner's state conviction, and therefore was denied. This court lacks jurisdiction to consider it, authorization to do so not having been granted by the United States Court of Appeals for the First Circuit.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

October 31, 2008

cc:   Kevin Hokenstrom, pro se
      Nicholas P. Cort, Esq.